CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

MAR 29 2011

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| MARIE E. BURLEY, | ) | CASE NO. 3:10CV00031 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J ASTRUE, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |
| | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's November 8, 2007 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on November 25, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, March 30, 2007, and that she met the insured status requirements under the Act through December 31, 2012. (R. 12.) The Law Judge determined plaintiff suffered the following severe impairments: status post left shoulder surgery and status post left foot surgery. (*Id.*) The Law Judge did not believe she had an impairment or combination of impairments

which met or medically equaled a listed impairment. (R. 13.) The Law Judge found that plaintiff maintained the residual functional capacity ("RFC") to perform a full range of sedentary work. (*Id.*) The Law Judge determined that this RFC did not preclude her from performing her past relevant work as an appointment scheduler. (R. 18.) Ultimately, the Law Judge found plaintiff was not disabled under the Act. (R. 19.)

Plaintiff appealed the Law Judge's November 25, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff has filed a *pro se* letter brief, which the court has construed as a motion for summary judgment and brief in support thereof. In her letter brief, the plaintiff has failed to set forth any factual basis upon which the court could determine that the Commissioner's decision is not supported by substantial evidence or that there has been a misapplication of the applicable

law. Even so, the undersigned will evaluate the decision at each step in the sequential evaluation.

At step one in the sequential evaluation, the Law Judge found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, March 30, 2007. (R. 12.) The Law Judge determined plaintiff's status post left shoulder surgery and status post left foot surgery were severe impairments at step two in the sequential evaluation.[1] (*Id.*) The Law Judge's findings at these two steps were favorable to the plaintiff and are not in dispute. Moreover, they are supported by substantial evidence.

At step three in the sequential evaluation, the Law Judge found that plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 13.) Plaintiff bears the burden of proving that her impairments, alone or in combination, met or equaled a listed impairment. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987) (noting the claimant has the burden of showing that he or she has a medically severe impairment or combination of impairments and that the Act requires him or her to furnish medical evidence regarding his condition).

The Law Judge noted that the State agency record reviewing physicians found that plaintiff's impairments did not meet or equal a listed impairment. (R. 13, 704-711, 724-731.) Moreover, no treating or examining physician or psychologist opined that plaintiff's conditions met or equaled a listed impairment. (R. 13.) The undersigned concludes that the Law Judge's

---

[1] A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b)(1)-(6).

finding that plaintiff failed to meet her burden of establishing a listed impairment is supported by substantial evidence.

Next, the Law Judge found that plaintiff retained the RFC to perform a full range of sedentary work[2]. (R. 13.) In finding that plaintiff could perform a full range of sedentary work, the Law Judge discredited plaintiff's allegations that she was disabled. Specifically, the Law Judge found that, although plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms was "not credible" to the extent it was inconsistent with the finding that plaintiff could perform a full range of sedentary work. (R. 15.)

The Law Judge determined that plaintiff's allegations that she suffered a loss of mental acuity as a result of medication and that she suffered periods of forgetfulness was inconsistent with her daily activities, particularly her ability to care for her grandson. (*Id.*) The record reveals that plaintiff is the sole caretaker for her severely disabled seven year old grandson. (R. 27.) Plaintiff provides extensive care for her grandson, which includes attending school with him from 8:00 a.m. to 3:00 p.m. when the school nurse is unable to care for him. (R. 27-28.) Plaintiff also admitted she is able to prepare meals for her grandson, dress him, help him with his homework, play and read with him, pick up his room, given him a bath, and get him ready for bed. (R. 149-150, 189.)

Just two months prior to plaintiff's alleged disability onset date, Shepard R. Hurwitz, M.D., a treating source, opined that plaintiff was able to sit at a desk job for eight hours. (R. 321, 690.) The physician stated he could see no reason why she could not perform a sedentary

---

[2]Sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

4

job, despite her assertion that she was disabled. (*Id.*) He was of the view that plaintiff did not qualify for benefits. (*Id.*)

The Law Judge's finding that plaintiff could perform a full range of sedentary work also is supported by the opinions offered by the State agency record reviewing physicians. Syed Hassan, M.D. evaluated plaintiff's medical records and completed a physical assessment. (R. 704-711.) He opined that plaintiff was capable of performing sedentary exertional work, and his opinion was echoed by another record reviewer, Luc Vinh, M.D. (R. 724-731.) In all, therefore, the Law Judge's finding that plaintiff could perform a full range of sedentary work is supported by substantial evidence.

At step four, the Law Judge concluded that plaintiff's ability to perform a full range of sedentary work did not preclude her from performing her past relevant work as an appointment scheduler. (R. 18.) The vocational expert testified that plaintiff's past relevant work as a scheduler was sedentary work. (R. 38.) As set forth above, the Law Judge's finding that plaintiff could perform a full range of sedentary work is supported by substantial evidence. Thus, it follows, that the Law Judge's finding that plaintiff could return to her past relevant work as a scheduler, a sedentary position, is also supported by substantial evidence.

Having determined that the findings at each level of the sequential evaluation are supported by substantial evidence, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are

entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: /s/ *signature*
U.S. Magistrate Judge

3/29/11
Date